## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JACK CLAY,**
**Claimant Below, Petitioner**

**FILED**

**June 8, 2017**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)    No. 16-0447** (BOR Appeal No. 2050890)
(Claim No. 2014016156)

**CHOJNACKI CONSTRUCTION, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Jack Clay, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Chojnacki Construction, Inc., by David A. Holtzapfel, its attorney, filed a timely response.

The issue on appeal is whether further temporary total disability benefits should be granted in this claim. This appeal originated from the August 19, 2014, and October 9, 2014, claims administrator's decisions denying temporary total disability benefits and closing the claim for temporary total disability benefits, respectively. In its October 15, 2015, Order, the Workers' Compensation Office of Judges affirmed the decision. The Board of Review's Final Order dated April 12, 2016, affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Jack Clay, an operator, was injured in the course of his employment when he was struck by a car entering his work site and pinned between two vehicles. He was transported to St. Mary's Medical Center and admitted with a diagnosis of right thigh hematoma. Mr. Clay did not suffer any fractures. He was taken off work until December 2, 2013. Mr. Clay saw Paul Bowen, M.D., for a follow-up on December 9, 2013. Dr. Bowen drained fluid from Mr. Clay's hematoma

1

and noted he would be off work until approximately January 1, 2014. Mr. Clay subsequently saw Errington C. Thompson, M.D., on December 30, 2013. Dr. Thompson also drained fluid from the hematoma and indicated that Mr. Clay should remain off work until January 26, 2014. Mr. Clay did not return to work on that date.

Mr. Clay underwent an independent medical evaluation performed by Robert B. Walker, M.D. Dr. Walker noted that diagnostic studies and treatment were consistent with a large hematoma in the right quadriceps muscle. Dr. Walker noted that Mr. Clay had remnants of the hematoma with quadriceps weakness that should resolve with a short course of physical therapy. Dr. Walker determined Mr. Clay had not reached maximum medical improvement but believed he would following four weeks of physical therapy. Dr. Walker noted that Mr. Clay may need two to three weeks of physical therapy after returning to work.

Mr. Clay began physical therapy treatments on May 12, 2014. On May 30, 2014, Mr. Clay saw Stanford Israelsen, M.D., for complaints of right knee pain he had been experiencing for six months after the injury. Dr. Israelsen diagnosed right knee pain and right knee medial collateral ligament sprain. He prescribed six more weeks of physical therapy and an injection in the right knee.

On June 19, 2014, the claims administrator granted Mr. Clay temporary total disability benefits from January 1, 2014, through January 26, 2014. Mr. Clay sought treatment from Tigran Garabekyan, M.D., who referred Mr. Clay to John J. Jasko, M.D., for a surgical opinion regarding his right knee. The consultation took place on July 15, 2014. Dr. Jasko did not recommend surgical intervention and noted Mr. Clay had physical therapy scheduled through the end of July. Dr. Jasko noted he would keep Mr. Clay off work throughout the duration of his physical therapy, for which he needed to stay locally, and indicated Mr. Clay would be disabled until August 7, 2014. Dr. Jasko also completed an Attending Physician's Report indicating this information which was submitted to the claims administrator. Mr. Clay saw Dr. Garabekyan for a follow-up on August 8, 2014. Dr. Garabekyan's impression was right knee pain and right knee medial collateral ligament sprain. He recommended continued activities as tolerated and follow-up as needed.

On August 19, 2014, the claims administrator advised Mr. Clay that the form signed by Dr. Jasko was not sufficient to grant temporary total disability benefits for July 15, 2014, through August 7, 2014. The reasoning given was that Dr. Jasko was not a treating physician and the need to attend physical therapy did not constitute disability. Additionally, the claims administrator noted that Mr. Clay was not limited to facilities in his hometown. Mr. Clay subsequently filed an application to reopen the claim for temporary total disability benefits.

On September 18, 2014, Mr. Clay underwent an independent medical evaluation performed by Ramanathan Padmanaban, M.D. Dr. Padmanaban's assessment was sprain of unspecified site of the right knee and leg and contusion of the right thigh. He determined Mr. Clay had reached maximum medical improvement and required no further treatment. Dr. Padmanaban assessed 3% whole person impairment. The claims administrator later granted a 3% permanent partial disability award based on Dr. Padmanaban's report.

On October 9, 2014, the claims administrator closed the claim for temporary total disability benefits as medical evidence had not been received demonstrating that Mr. Clay continued to be disabled. Mr. Clay subsequently testified at a deposition on January 22, 2015. Mr. Clay testified that Dr. Walker told him he could not return to work without an MRI. After undergoing an MRI, Dr. Thompson recommended four weeks of physical therapy. Mr. Clay testified that he returned to work in April of 2014 for approximately two and a half weeks before he ceased working in order to continue with physical therapy. Mr. Clay attempted to work in Princeton, West Virginia with his employer, but his physical therapy treatments were located in Wayne County, West Virginia. Mr. Clay stated that he did not attempt to look for physical therapy facilities in Princeton, West Virginia because the job site was far away and he had to attend appointments three days a week. The Princeton job only operated Monday through Thursday. He believed that between driving time and the length of the appointments, he would not have much time to work. Mr. Clay testified that he believed he could have performed his job while he was off but would have been much slower than normal. He admitted that neither Dr. Garabekyan nor his physical therapist had taken him off work.

On July 14, 2015, Andrew Chojnacki, the president of Chojnacki Construction, Inc., completed an affidavit regarding the injury and Mr. Clay's employment. Mr. Chojnacki stated that he knew Mr. Clay sustained an injury in the course of his employment and that Mr. Clay was released to return to work on January 27, 2014, but did not. Mr. Chojnacki stated that work was available to Mr. Clay throughout 2014 and he would have made every effort to accommodate any physical restriction and necessary leave of absence. Mr. Chojnacki indicated he never would have excluded Mr. Clay from any job he was able to perform.

On October 15, 2015, the Office of Judges affirmed the claims administrator's decisions denying further temporary total disability benefits and closing the claim for temporary total disability benefits. The Office of Judges noted that Dr. Walker's report stated that the diagnostic studies and treatment were consistent with a large hematoma in the right quadriceps muscle. Dr. Walker indicated that Mr. Clay would reach maximum medical improvement after four weeks of physical therapy. The Office of Judges also noted that Mr. Clay had received a permanent partial disability award. There was no evidence that the right knee or right hip had been added as compensable components of the claim. The Office of Judges found that the claims administrator had not erred and affirmed its decisions. The Board of Review affirmed the Office of Judges' Order on April 12, 2016.

The Board of Review's decision is affirmed. Temporary total disability benefits are terminated at the earlier of a claimant reaching maximum medical improvement, a claimant being released to return to work, or a claimant returning to work. Dr. Thompson indicated that Mr. Clay could return to work on January 27, 2016. No other doctor disputed this recommendation until Dr. Jasko took Mr. Clay off work for the duration of his physical therapy, which had been extended due to right knee and right hip pain. However, neither the right knee nor the right hip have been added as compensable components of the claim. Dr. Jasko also failed to provide reasoning as to why Mr. Clay should remain off work during his physical therapy and why he needed to stay locally for its duration. Further, Dr. Jasko is not the treating physician in

3

this claim. Neither Mr. Clay's treating physician nor his physical therapist have taken Mr. Clay off work. The claims administrator did not err in denying temporary total disability benefits beyond January 26, 2014, or in closing the claim for temporary total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 8, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker